FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 2 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF COUNTRYWIDE COMMERCIAL MORTGAGE TRUST 2007-MF1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-MF1,<br><br>Plaintiff,<br><br>v.<br><br>84 GEORGE LLC, ISRAEL PERLMUTTER, MENACHEM STARK, THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, and THE ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK,<br><br>Defendants. | Civil Action No. 1:09-cv-04553-JBW<br><br>**JUDGMENT OF FORECLOSURE AND SALE**<br><br>Foreclosure of:<br><br>84 George Street<br>Brooklyn, New York<br><br>Block: 3157<br>Lot: 19 |

On the Summons and Complaint duly filed on October 22, 2009, the Notice of Pendency duly filed with the office of the King County Clerk on October 26, 2009, and on the Notice of Motion, Memorandum of Law, Declaration of Alex J. Guggenheim, and Declaration of Attorneys' Fees and Costs all filed by Plaintiff on January 19, 2010, and on all pleadings and proceedings on file herein, from which it appears that each of the Defendants herein have been duly served with the Summons and the Complaint, and stating that more than the legally required numbers of days within which the Defendants were required to defend the Complaint has elapsed since said Defendants were so served, and that none of the Defendants has served any answer to the Complaint, nor has their time to do so been extended, except that Defendant The Department of Housing Preservation and Development of the City of New York has filed a Notice of

ME1 9450264v.2



Appearance and Claim to Surplus Moneys in this action (Docket No. 7), wherein it has asserted a claim to any surplus moneys that may arise out of this foreclosure proceeding, but does not contest any of the allegations of the Complaint; from all of which it appears that this is an action brought to foreclose a mortgage on real property situate in the County of Kings, together with interest thereon and all other sums due and payable due to the Plaintiff upon the Note and Mortgage set forth in the Complaint, and upon the finding of this Court that there is due and payable to Plaintiff under the Note and Mortgage as of January 15, 2010, the amount of $822,483.77;

**NOW**, on Motion of McCarter & English, LLP, attorneys for Plaintiff, U.S. Bank, N.A., as Trustee for the Registered Holders of Countrywide Commercial Mortgage Trust 2007-MF1, Commercial Mortgage Pass-Through Certificates, Series 2007-MF1, for Judgment of Foreclosure and Sale and Other Relief Upon Default of Defendants, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises described in the Complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of sale and the costs of this action, be sold, in one parcel, at public auction on a Thursday afternoon at 2:00 p.m. at the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, by and under the direction of Eugene J. Corcoran, United States Marshal for the Eastern District of New York, or his duly appointed designees (collectively, the "Marshal"), with a minimum bid amount of $1,000 and thereafter in bid increments of $1,000; and it is further

ME1 9450264v.2

**ORDERED, ADJUDGED AND DECREED** that the Marshal, with the cooperation and assistance of Plaintiff, give public notice of the time and place of such sale according to federal law and the practice of this Court by advertising said sale in the Brooklyn Edition of the New York Daily News; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon; that the Marshal execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at the sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Marshal on receiving the proceeds of such sale forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the Mortgaged Premises at the time of sale with such interest or penalties that may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Marshal then deposit the balance of said proceeds of sale in his own name in a federally-insured bank and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository:

**FIRST.** The expenses of the sale and the advertising expenses as shown on the bills presented, and certified by the Marshal to be correct, duplicate copies of which shall be left with said depository.

3

**SECOND.** The Marshal shall pay to the Plaintiff or Plaintiff's attorneys the sum of $822,483.77, the amount due to Plaintiff under its Note and Mortgage as of January 15, 2010, with interest thereon from January 15, 2010, at the rate of $232.82 per diem, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with any advances that the Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgagees, or to maintain the Mortgaged Premises pending the consummation of this foreclosure sale not previously included in the computation and upon presentation of receipt for said expenditures to the Marshal, all together with interest thereon pursuant to the Note and Mortgage.

That in case the Plaintiff be the purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of the sale under this Judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with the Marshal, the Marshal shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in the item marked "First" and the amounts of the aforesaid taxes, assessments and water rates, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with the Marshal receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff for the Marshal's fees, advertising expenses, and taxes, assessments and water rates, shall be allowed to the Plaintiff and applied by said Marshal upon the amounts due to the Plaintiff as specified above in item marked "Second"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Marshal, upon

delivery of said Marshal's deed, the amount of such surplus.

That the Marshal take the receipt of the Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item "Second", and file it with his report of sale; that he deposit the surplus monies, if any, with the Clerk of this Court within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only by an Order of this Court, signed by a Judge of this Court; that the Marshal make his report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the Plaintiff shall recover from the Defendants the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment is made before this Court and the amount thereof is determined and awarded by an Order of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production or delivery of the foregoing Marshal's deed or deeds, and that within five (5) business days of delivery of such deed or deeds Defendant 84 George LLC shall turn over to the purchaser or purchasers at said sale all tenant security deposits and all sums that are, or should be, held in trust pursuant to N.Y. General Obligations Law § 7-103; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of the Notice

5

of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Mortgaged Premises are to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage lien(s) of record, if any, and any advances and arrears thereunder; prior lien(s) of record, if any, except those liens addressed in Section 1354 of the R.P.A.P.L.; and it is further

**ORDERED, ADJUDGED AND DECREED** that posting a copy of this Judgment of Foreclosure and Sale at the entrance door of the Mortgaged Premises and mailing same to the Mortgaged Premises shall be deemed good and sufficient service of this Judgment of Foreclosure and Sale on Defendants 84 George LLC, Israel Perlmutter, and Menachem Stark.

Said Mortgaged Premises commonly known as 84 George Street, Brooklyn, New York, and also as Block 3157, Lot 19.

A description of the said Mortgaged Premises hereinbefore mentioned is annexed hereto and made a part hereof. See SCHEDULE A.

ENTER,

*/s/ Jack B. Weinstein*

HON. JACK B. WEINSTEIN, U.S.D.J.

2/18/10