UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

U.S. BANK, N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF
COUNTRYWIDE COMMERCIAL
MORTGAGE TRUST 2007-MF1,
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-
MF1

                    Plaintiff,

                - against -

84 GEORGE LLC, ISRAEL PERLMUTTER,
MENACHEM STARK, THE DEPARTMENT
OF HOUSING PRESERVATION AND
DEVELOPMENT OF THE CITY OF NEW
YORK, AND THE ENVIRONMENTAL
CONTROL BOARD OF THE CITY OF NEW
YORK,

                    Defendants.

---

**MEMORANDUM AND ORDER**

09-CV-4553

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 0 6 2012   ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Defendant 84 George LLC seeks to reopen this case and vacate the amended final

judgment entered two years ago in April 2010, arguing that the judgment was void for lack of

jurisdiction. It relies upon Rule 60(b)(4) of the Federal Rules of Civil Procedure.

Defendant contends that diversity jurisdiction to enter the default judgment was lacking,

*see* 28 U.S.C. § 1332; it asserts that (1) the plaintiff-trustee in this case lacks the customary

powers of a trustee, (2) the trust assets are in fact managed by the beneficiaries, who are the real

parties in interest in this case, and (3) some of those beneficiaries are citizens of New York, as is

defendant. Complete diversity of citizenship, defendant claims, was absent.



Defendant received notice of the complaint in December 2009 and did nothing to answer,

relying, he says, on ongoing negotiations. No valid ground for failing to answer has been shown.

Relief under Rule 60(b)(4) is exceptional. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.

1986).

> In the context of a Rule 60(b)(4) motion, a judgment may be declared void
> for want of jurisdiction only when the court plainly usurped jurisdiction,
> or, put somewhat differently, when there is a total want of jurisdiction *and
> no arguable basis on which it could have rested a finding that it had
> jurisdiction.*

*Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (internal quotation marks

omitted) (emphasis added).

This rule serves the judicial system's interest in finality. Because "final judgments

should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal.

Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional

circumstances." *Id.* (internal quotation marks, bracketing, and ellipses omitted).

"For purposes of diversity jurisdiction, the citizenship of the fiduciary—not the

beneficiary—generally controls." *Catskill Dev., L.L.C. v. Park Place Enter. Corp.*, 547 F.3d

115,124 (2d Cir. 2008). The parties in this case essentially dispute whether the trustee had

power sufficient for its citizenship, rather than that of its beneficiaries, to be operative pursuant

to 28 U.S.C. § 1332.

That question is, given the facts and the nature of the trust instrument, at the very least, an

"arguable" one. *See Herbert*, 341 F.3d at 190. There is the color of diversity jurisdiction. It can

be assumed that without an answer the allegations of a jurisdictional basis in the instant case

were true. *See* Fed. R. Civ. P. 8(b)(6) (effect of failing to deny); *cf. City of New York v. Mickalis*

*Pawn Shop, LLC*, 645 F.3d 114, 138-49 (2d Cir. 2011) (emphasizing effect of failing to assert

personal jurisdiction defense and referring to cases analyzing subject matter jurisdiction).

Defendant should have answered and denied two years ago. No equitable or legal ground

for reopening the case is presented. The motion to vacate is denied. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   June 4, 2012
Brooklyn, New York